### HARVEY MONTAGUE v. THE STATE.

No. 11615. Delivered June 20, 1928.
Rehearing denied October 10, 1928.

472

The opinion states the case.

*Howard Mays, S. F. Rose* and *O. Ellis* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

The bills of exception in this case were filed too late. The motion for new trial was overruled October 22, 1927, and an order entered allowing sixty days in which to file bills of exception and statement of facts. Thereafter, on December 10th, an extension order was made allowing additional time for filing the statement of facts, but no reference appears therein to bills of exception. On December 28th an additional time was granted for filing statement of facts, but bills of exception were not mentioned therein. Our statute allows thirty days after the overruling of motion for new trial within which to file bills of exception, but permits the court to fix any time limit not exceeding ninety days. The court having given sixty days, and the bills of exception not having been filed until January 7, 1928, seventy-six days after the overruling of the motion, said bills were filed too late for consideration.

The facts seem amply sufficient. Two young men were driving a car on a road and met the sheriff and county attorney. The latter turned and followed the car of said two young men. Both of said officials testified that they saw appellant throwing jars of whisky out of the car. All of said jars broke save one, which was captured and offered in evidence and its contents shown to be whisky. The young

man in the car with appellant testified for the State that the car was his, but that at the solicitation of appellant he was carrying the latter and the whisky out to some oil camp. The evidence supports the judgment.

No error appearing, an affirmance is ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant claims to have been under the impression that the two extensions referred to in our original opinion covered the bills of exception as well as the statement of facts. These extension orders were made at appellant's request conveyed to the trial judge by telephone. No written motion asking for either extension was made, hence the scope of the request is not of record. From recitals in a letter addressed to the trial judge on the 31st day of December it seems appellant's attorneys were under the impression that the former extensions covered both the bills of exception and statement of facts. The orders of court indicate that it was the court's understanding that the verbal requests for extension covered only the statement of facts. The order of date December 28th, recites that on said date there "came on to be heard and considered the motion of the defendant for further time in which to prepare and file herein a "statement of facts." Under the circumstances we are bound by the orders of the court. Misunderstanding as to the scope of requests conveyed by phone are likely to arise, but we must hold that in the proper and orderly preparation of cases for appeal appellant is charged with notice of the contents of the orders of the court, from which it follows that we must adhere to our former ruling that the bills of exception are not subject to consideration.

The motion for rehearing is overruled.

*Overruled.*